# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5528 | DATE | December 30, 2002 |
| CASE TITLE | | *In re Pro-Pak Services, Inc.* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The defendants' motion to withdraw the reference [1-1] is denied without prejudice. The clerk is directed to terminate this action. The clerk is directed to forward a copy of this order to the bankruptcy court. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 31 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 6 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 3 1 2002

| | |
|---|---|
| In re: ) | |
| ) | |
| **PRO-PAK SERVICES, INC.,** ) | 02 C 5528 |
| Debtor, ) | |
| ------------------------------------------------) | Motion to Withdraw the |
| ) | Reference |
| **GUS A. PALOIAN, Trustee,** ) | |
| Plaintiff, ) | Bankruptcy Case No. 00 B 37030 |
| ) | Adv. Proc. No. 02-A-927 |
| v. ) | |
| ) | |
| **CARL EDWARD AVALLON TRUST** ) | |
| **DATED JUNE 7, 1996, and its successors** ) | |
| **and transferees, and MARY AVALLON,** ) | |
| **individually and as Trustee of the Carl** ) | |
| **Edward Avallon Trust dated June 7, 1996,** ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Mary Avallon, individually and as Trustee of the Carl Edward Avallon Trust Dated June 7, 1996, seeks to withdraw this court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure. For the following reasons, the motion is denied.

### Background

In 1985, Carl Avallon founded debtor Pro-Pak, which was an Illinois corporation engaged in the sale and installation of conveyors and packaging machinery. Mr. Avallon owned all of Pro-Pak's shares. In 1996, he created a trust and transferred all of the shares to the trust. After Mr. Avallon's death in August of 1998, his wife became the trustee.

Shortly thereafter, the trust, Pro-Pak, and Christopher Anderson agreed to transfer the shares to Mr. Anderson, and Pro-Pak agreed to pay the trust for the Pro-Pak shares (the



"Agreement"). Pursuant to the Agreement, Pro-Pak transferred $401,463.05 to the trust. Ms. Avallon eventually stopped making the payments to the trust because Pro-Pak was having financial problems. Immediately before Pro-Pak folded in August of 2000, Pro-Pak restated its balance sheet to reflect Pro-Paks' obligations under the Agreement and erased a $616,333.22 officer loan to Mr. Avallon.

Pro-Pak filed an involuntary bankruptcy petition on December of 2000. The Trustee contends that the trust is responsible for Mr. Avallon's debts at the time of his death. Thus, he seeks to avoid the transfers from Pro-Pak to the trust and the loan from Pro-Pak to Mr. Avalon. He, therefore, filed a six-count complaint against the trust and Ms. Avallon, individually and as trustee. Counts I, II, III, and IV seek relief under fraudulent conveyance theories as provided by 11 U.S.C. § 548 and Illinois law, Count V seeks to recover some of the transfers under a preferential transfer theory under 11 U.S.C. § 547, and Count VI seeks to recover the outstanding loan to Mr. Avalon under Illinois law. The Trustee subsequently amended its complaint to add another defendant, Kimberly Haanpaa (Mr. Avallon's daughter from a prior marriage), claiming that Ms. Haanpaa had received funds which had been transferred to the trust.

## Discussion

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 184 (N.D. Ill. 1997). Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. *Id.* Withdrawal of a reference to the bankruptcy court is mandatory when non-bankruptcy federal laws are at issue. 28 U.S.C. § 157(d). The parties do not suggest that mandatory withdrawal is warranted, so the court will turn to whether cause supports permissive withdrawal.

The first sentence of § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. *See, e.g., In re Sevko*, 143 B.R. 114, 117 (N.D. Ill. 1992).

The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core. *Id.* "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id., quoting Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir.1990); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir.1997) ("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

Ms. Avallon claims that withdrawal is warranted because four of the Trustee's claims are non-core since they are based on Illinois law. She acknowledges that two counts are core because they seek to avoid transfers under §§ 547 and 548 of the Bankruptcy Code. The court disagrees. Counts I through V are core since they seek to avoid preferences or fraudulent conveyances. 28 U.S.C. § 157(b)(2)(F) (proceedings to avoid preferences are core issues); 28 U.S.C. § 157(b)(2)(H) (proceedings to avoid fraudulent conveyances are core issues).

Moreover, the fact that the Trustee also seeks relief under state law is not controlling because "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). Counts I, II, III, and IV (the fraudulent transfer counts) seek relief under 11 U.S.C. § 548 and Illinois law and Count V (the preferential transfer count) seeks relief under 11 U.S.C. § 547. The creation of a cause of action based on a fraudulent transfer under the Bankruptcy Code does not affect the parties' rights with respect to the adjudication of separately existing fraudulent transfer claims under state law, so the fact that Illinois law may also be at issue does not require withdrawal of the reference. *See Grandfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55-61 (1989) (a non-debtor party against whom relief is sought by the estate is entitled to a jury trial if a claim against it is based on state law, even if that claim is also a core proceeding).

This leaves the court with one state law claim (Count VI). The court agrees with the Trustee that this count is inextricably intertwined with the fraudulent conveyance counts because, like those counts, it is based on the evidence about Pro-Pak's financial statements. The court thus finds that core issues predominate.

Ms. Avallon next contends that the fact that a jury demand has been filed requires this court to withdraw the reference. "[A] demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference." *In re Dreis & Krump Mfg. Co.*, No. 94 C 4281, 1995 WL 41416 *3 (N.D. Ill. Jan. 31, 1995). Nevertheless, "a court may wait until the case is ready to go to trial before withdrawing the reference . . . . because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." *Id.* (internal citations omitted). Accordingly, Ms. Avallon's jury demand is a legitimate reason to withdraw the reference, but the request to withdraw the reference at this point in the proceedings is premature. *See id.* Ms. Avallon may renew her motion when and if this case is ready to go to trial.

This brings the court to the remaining factors which are germane to the question of whether withdrawal of the reference is appropriate. The bankruptcy court has been managing this action since its inception and discovery is ongoing. Moreover, according to the Trustee, there are five other adversary complaints against Pro-Pak's former suppliers and clients, so the bankruptcy court has been exposed to information about Pro-Pak and the nature of its business. Thus, maintaining the status quo will promote judicial economy and promote uniformity and efficiency in bankruptcy administration, and the bankruptcy court is more familiar with the case. In addition, separating out any non-core matters at this time and continuing on simultaneously in two forums will not promote the expeditious resolution of this case. The court, therefore, finds that withdrawal of the reference at this stage of the proceedings is not warranted.

## Conclusion

The defendants' motion to withdraw the reference [1-1] is denied without prejudice.

DATE: DEC 3 0 2002

Blanche M. Manning
United States District Judge